[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14926

_____

D.C. Docket No. 1:11-cv-03463-SCJ


STRATFORD HOLDING, LLC,

                                                        Plaintiff-Appellant,

versus

FOG CAP RETAIL INVESTORS LLC,
FOOT LOCKER RETAIL, INC.,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 16, 2013)

Before WILSON and COX, Circuit Judges, and BOWEN,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia, sitting by designation.

In this appeal, Appellant Stratford Holding, LLC, challenges the district court's dismissal of its complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Appellant had filed the suit seeking cost recovery under the Comprehensive Environmental Response Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.* The district court granted Appellees' motion to dismiss upon a finding that a No-Listing Letter from the Georgia Environmental Protection Division[1] conclusively established that Appellant could not state a claim for cost recovery because it had not incurred "necessary costs of response" under CERCLA.

A dismissal for failure to state a claim is reviewed *de novo.* Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008). After carefully considering the parties' briefs and having the benefit of oral argument, we conclude that the district court impermissibly drew a factual inference from the No-Listing Letter. The No-Listing Letter is but one item of evidence the district court may consider in a merits-based decision at trial or in summary judgment proceedings, but the letter alone should not have been used to conclusively resolve Appellant's

---

[1] The No-Listing Letter informed Appellant that the Georgia Environmental Protection Division had determined that the subject property would not be listed on the State's Hazardous Site Inventory ("HSI") at that time. The letter was issued after the Appellant had filed its complaint. There is no dispute that the No-Listing Letter is a public record of which the district court could take judicial notice.

2

CERCLA claim on a Rule 12(b)(6) motion.

Accordingly, the district court's judgment dismissing the case is **REVERSED**, and the action is **REMANDED** for further proceedings.